IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JOHN ELIAS SCOTT,<br><br>           Plaintiff,<br><br>v.<br><br>JUDGE CHRISTINE JOHNSON,<br><br>           Defendant. | REPORT AND RECOMMENDATION<br><br>Case No.  2:15-cv-292-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) John Elias Scott's ("Plaintiff") motion for service of process,[2] (2) Plaintiff's motion to stay a state court case,[3] (3) Plaintiff's motion for immediate intervention in a state case,[4] and (4) Plaintiff's motion for the appointment of counsel.[5]  The court has carefully reviewed the motions and memoranda submitted by Plaintiff.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of*

---

[1] *See* docket no. 7.

[2] *See* docket no. 4.

[3] *See* docket no. 5.

[4] *See* docket no. 9.

[5] *See* docket no. 10.

*Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[6]  Accordingly, and in addition to the specific motions referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff filed this lawsuit against Christine Johnson, a judge serving on the Fourth Judicial District, State of Utah.  Plaintiff alleges that Judge Johnson violated his civil rights by dismissing a state court case he filed against his ex-wife and various attorneys who represented her regarding the custody of their children.  Specifically, Plaintiff alleges the following causes of action against Judge Johnson:

> (1) Violation of Civil Rights Act of 1866 and 1964; (2) Violation of 42 U.S.C. 1981; (3) Violation of 42 U.S.C. 1983; (4) Violation of 42 U.S.C. 1985; (5) Violation of 18 U.S.C. 241; (6) Violation of 18 U.S.C. 242; (7) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; (9) Malicious Prosecution; (10) Contempt of Court; [and] (11) Misconduct.[7]

Plaintiff asserts that he filed his civil action on May 9, 2014, and four months later, Judge Johnson "summarily dismissed" his case "against the pleas and protests of Plaintiff."[8]  Plaintiff contends that his state court lawsuit was dismissed based upon technicalities.  He asserts that he was not allowed to present witnesses and evidence to a jury and that Judge Johnson acted without jurisdiction in dismissing his case.  Plaintiff alleges that Scott Preston, counsel for two of the attorneys he sued in the state case, failed to make a "proper appearance" because he did not file a "Notice of Appearance" causing Plaintiff to delay his response to Mr. Preston's motion to

---

[6] *See* docket no. 1.

[7] Docket no. 3 at 1.

[8] Docket no. 3 at 4.

dismiss.  Plaintiff contends that this created a "conflict of interest" between Judge Johnson and Mr. Preston.  Plaintiff states that a hearing was set for March 9, 2015, and that he did not receive notice of it until the day of the hearing.  He was unable to attend the hearing because he needed to pick up his children.  He believes that this is an example of the "Officials in Utah County" who have previously conspired to deprive Plaintiff of his rights.[9]  Plaintiff seeks declaratory and injunctive relief, as well as monetary damages in the amount of $10,000,000, and costs in the amount of $500,000.

Plaintiff has appealed the dismissal of his state court case.  That appeal is currently pending before the Utah Court of Appeals.

## STANDARD OF REVIEW

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief

---

[9] Docket no. 3 at 9.

above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a prose plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case; it is merely a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.

*Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.* With these standards in mind, the court now turns to the motions before the court, as well as the substance of Plaintiff's complaint under the IFP statute.

## DISCUSSION

### I. Younger Abstention Doctrine

According to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present federal constitutional challenges. *See id.* Although federal courts have subject matter jurisdiction over civil rights claims like those asserted in this case, *Younger* prevents federal courts from exercising jurisdiction when three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and internal quotation marks omitted). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

In the instant case, these three conditions are met and there exist no extraordinary circumstances warranting exception from *Younger*. There is an ongoing state civil proceeding; the state court does provide an adequate forum for hearing his grievances about issues in that proceeding; and "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v.*

*Richards*, 504 U.S. 689, 703 (1992). As such, the *Younger* abstention doctrine prohibits this court from exercising jurisdiction over the claims asserted in this case and the claims should be dismissed.

## II. Absolute Judicial Immunity

Even assuming this court could exercise jurisdiction over the claims asserted in this matter, Judge Johnson is entitled to absolute judicial immunity. It is well-settled that judges are granted absolute immunity from liability when acting in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority." *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990). Judicial immunity may be circumvented only for (1) nonjudicial actions performed outside of the judge's judicial capacity and (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

A determination as to whether an action is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff does not allege that Judge Johnson's actions were non-judicial acts. Rather, Plaintiff argues that the second exception applies, contending that Judge Johnson acted "without jurisdiction in dismissing [his] case."[10]

The standard for a complete absence of jurisdiction, however, is difficult to meet. A judge's action will not diminish his or her immunity if it "was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has

---

[10] Docket no. 3 at 5.

acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57. "'[A] judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances,' whereas '[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial.'" *Derringer v. Chapel*, 98 Fed. App'x 728 (10th Cir. 2004) (quoting *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir.1994) (other quotations omitted)). Here, Plaintiff has failed to demonstrate that Judge Johnson's actions were taken in the clear absence of all jurisdiction. Even Plaintiff's accusation of a "conflict of interest" between Judge Johnson and Mr. Preston does not trump a claim of absolute immunity. "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 12.

In sum, even assuming this court could exercise jurisdiction over Plaintiff's claims, Judge Johnson is entitled to absolute judicial immunity. Thus, all claims should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this court concludes that the *Younger* abstention doctrine prohibits this court from exercising jurisdiction over the claims asserted in this case and, even assuming the existence of subject matter jurisdiction, Judge Johnson is entitled to absolute judicial immunity. As such, this court recommends that Plaintiff's complaint be **DISMISSED** in its entirety and the pending motions be rendered **MOOT**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 13th day of September, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge